IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SIDNEY W. CLARK,**

    **Plaintiff,**

    v.                                                      CASE NO. 23-3187-JWL

**RON SELLERS, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 4, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 5). The Court's screening standards are set forth in the MOSC.

The Court found in the MOSC that the Court must abstain from Plaintiff's claims regarding his pending state criminal case. Plaintiff acknowledges that his criminal case is pending on appeal. (Doc. 6, at 1–2.)

In his Amended Complaint, Plaintiff claims he was denied court access and due process because he was not allowed to file documents in his state criminal case. Plaintiff names as defendants two employees from the office of the Reno County Clerk of District Court. Plaintiff seeks $5,000,000 in damages because his pro se filings were rejected by the clerk's staff. Plaintiff attaches the letter from the clerk's office which provides that his documents were received and that they were "returning them to you unfiled because you are represented by an

attorney (Appellate Defender's Office). Anything in the case will need to be filed through them." (Doc. 6–1.)

Plaintiff fails to state a due process or court access claim. As this Court noted in the MOSC,[1] and the clerk's office staff stated in the letter to Plaintiff, he is represented by counsel in his state criminal proceedings. The Tenth Circuit has found that whether or not a party is represented by counsel or proceeding pro se "is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019) (unpublished) (citing *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-access claim because prisoner was represented by counsel in underlying criminal case)).

Furthermore, the Tenth Circuit has recognized that "because there is no constitutional right to 'a hybrid form of representation,'" . . . "when defendants have the assistance of counsel, courts need not consider any filings made *pro se*." *United States v. Sandoval-De Loa*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (citing *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995) and *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *see also United States v. Castellon,* 218 F. App'x 775, 780 n.4 (10th Cir. 2007) (unpublished) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.")).

---

[1] The Court noted in the MOSC that although Plaintiff claims that no attorney had been appointed to represent him as of July 21, the docket shows that: an "Order Appointing Counsel: Appellate Defender's Office" was entered on May 10, 2023; and on May 25, 2023, James Latta from the Kansas Appellate Defender's Office submitted filings as "Attorney for Appellant-Defendant." *See* Appellant's Request for Additions to the Appellate Record, filed May 25, 2023, in Appellate Court No. 23-126395-A.

The Court also finds that the defendants, the Chief Clerk and the Deputy Clerk in the Reno County Clerk's Office, are entitled to immunity.  The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals.  *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3.  The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties."  K.S.A. 44–575(a).  The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities.  K.S.A. 20–162(a), (b).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the Court's MOSC, fails to state a claim for relief based on the denial of court access, and names defendants that are entitled to immunity.   Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 25, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**