IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SIDNEY W. CLARK,

    **Plaintiff,**

    v.                                                    CASE NO. 23-3187-JWL

RON SELLERS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 4, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 5), and the Court entered a Memorandum and Order dismissing this case on August 25, 2023. This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 9) filed on August 31, 2023. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e)

1

may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his Amended Complaint, Plaintiff claims he was denied court access and due process because he was not allowed to file documents in his state criminal case. Plaintiff names as defendants two employees from the office of the Reno County Clerk of District Court. Plaintiff seeks $5,000,000 in damages because his pro se filings were rejected by the clerk's staff. Plaintiff attaches the letter from the clerk's office which provides that his documents were received and that they were "returning them to you unfiled because you are represented by an attorney (Appellate Defender's Office). Anything in the case will need to be filed through them." (Doc. 6–1.)

In his motion for reconsideration, Plaintiff argues that the defendants should not be entitled to Eleventh Amendment immunity because he is suing them in their individual capacities. (Doc. 9–1.) In *Fishinghawk v. Kissinger*, plaintiff sued, among others, the county

court clerk, alleging that they violated his constitutional rights by not filing his notice of appeal in his state criminal case. *Fishinghawk v. Kissinger*, 764 F. App'x 827 (10th Cir. 2019) (unpublished).  The Tenth Circuit stated that "judges and non-judicial officers whose role forms an integral part of the judicial process are 'absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors.'" *Id*. at 828 (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)); *see also Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (recognizing that "clerks of court have been ruled immune to suit under [§] 1983 when performing 'quasi-judicial' duties"); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (holding that Clerk of the Supreme Court was immune from suit for his alleged failure to transmit a document to the Court because "here the Clerk is being asked to perform a judicial function delegated by the Supreme Court—the filing of an application," and clerks are entitled to judicial immunity when performing such judicial functions)). In *Fishinghawk*, the Tenth Circuit held that the court clerk was "entitled to absolute immunity for her alleged inaction with respect to Mr. Fishinghawk's notice of appeal, even if that inaction amounted to grave procedural error." *Fishinghawk*, 764 F. App'x at 828 (citations omitted).

However, even assuming the defendants in this case are not entitled to immunity,[1] the Court, in dismissing this case, held that Plaintiff failed to state a due process or court access claim. (Doc. 7, at 2, 4.)   As this Court noted in the MOSC,[2] and the clerk's office staff stated in

---

[1]  "[W]e need not resolve whether [quasijudicial] immunity would protect [defendant] against the claims here because Plaintiffs have not stated any constitutional violation." *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1191–92 (N.M. 2008) (court clerks are generally entitled to only qualified immunity but may be entitled to absolute immunity where performing quasi-judicial duties or acting under the command of a court decree or explicit instructions from a judge) (citing *Henriksen v. Bentley*, 644 F.2d 852, 855–56 (10th Cir. 1981)).

[2]  The Court noted in the MOSC that although Plaintiff claims that no attorney had been appointed to represent him as of July 21, the docket shows that:  an "Order Appointing Counsel: Appellate Defender's Office" was entered on May 10, 2023; and on May 25, 2023, James Latta from the Kansas Appellate Defender's Office submitted filings as "Attorney for Appellant-Defendant."  *See* Appellant's Request for Additions to the Appellate Record, filed May 25,

the letter to Plaintiff, he is represented by counsel in his state criminal proceedings. The Tenth Circuit has found that whether or not a party is represented by counsel or proceeding pro se "is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019) (unpublished) (citing *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-access claim because prisoner was represented by counsel in underlying criminal case)).

Furthermore, the Tenth Circuit has recognized that "because there is no constitutional right to 'a hybrid form of representation,'" . . . "when defendants have the assistance of counsel, courts need not consider any filings made *pro se*." *United States v. Sandoval-De Loa*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (citing *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995) and *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *see also United States v. Castellon,* 218 F. App'x 775, 780 n.4 (10th Cir. 2007) (unpublished) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.")).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its August 25, 2023 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 9) is **denied.**

---

2023, in Appellate Court No. 23-126395-A.

**IT IS SO ORDERED**.

**Dated September 5, 2023, in Kansas City, Kansas.**

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**